## Old Guard Mutual Insurance Co. v. The First National Bank of Columbia, Pa.

*A. W. Reese* and *Robert Ruppin*, for plaintiff.
*Wilson Bucher*, for defendant.
*Brown & Zimmerman*, for petitioners.

JOHNSTONE, J., November 9, 1956.—A petition to intervene as defendants in the above action was filed by Norman H. Clinton and Elizabeth B. Clinton, to which petition was attached the proposed answer of petitioners to plaintiff's complaint. It was stipulated and agreed by the parties that if the preliminary objections to plaintiff's complaint filed by defendant were dismissed, the averments in the petition to intervene could be considered as true, and that no hearing on the petition would be necessary. The court has this day filed an opinion dismissing the preliminary objections to plaintiff's complaint and it, therefore, becomes necessary to determine whether or not the petition to intervene should be granted.

Petitioners are the owners of the premises covered by the insurance policy issued by plaintiff and covered

by the mortgage held by defendant. A fire loss occurred and the loss was paid by plaintiff to defendant, and plaintiff has demanded to be subrogated to the rights of defendant and to have assigned to it a portion of the mortgage held by defendant represented by the amount paid on the fire loss. This claim is based on the alleged fact that petitioners had failed to pay the assessment on the insurance policy, and as to them the policy was automatically cancelled. It is further claimed in the complaint that since plaintiff is not obligated under its policy to pay the loss to petitioners because of the cancellation of the policy, then it is entitled to be subrogated to the claim of defendant to the extent of the amount paid. Petitioners in their proposed answer state that they paid all assessments to plaintiff, and that there was no cancellation of the policy. This raises a question of fact, which has a direct bearing upon whether or not plaintiff is entitled to be subrogated to the rights of defendant. If petitioners are not permitted to intervene, and in their absence the policy was determined to have been cancelled, the rights of petitioners would thereby be adversely affected and the judgment entered in the proceeding between plaintiff and defendant could impose a liability on petitioners which might not otherwise exist if they were privileged to defend themselves. In the opinion of the court, petitioners have qualified under the Pennsylvania Rules of Civil Procedure to be added as parties defendant in this action and their interests are not presently adequately represented.

And now, November 9, 1956, under the foregoing circumstances the petition of Norman H. Clinton and Elizabeth B. Clinton to intervene as defendants is hereby granted, and they are added as defendants in this action, and directed to file an answer to plaintiff's complaint within 20 days.